UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT ATTEBERY,                    No. 2:10-cv-01341-MCE-DAD

    Plaintiff,

  v.                                PRETRIAL SCHEDULING ORDER

LOUIS UHL, et al.,

    Defendants.
_____/

After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

I.   SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331. Jurisdiction and venue are not contested.

1

1  IV.  <u>DISCOVERY</u>

2  All discovery, with the exception of expert discovery, shall
3  be completed by **June 15, 2012.**  In this context, "completed"
4  means that all discovery shall have been conducted so that all
5  depositions have been taken and any disputes relative to
6  discovery shall have been resolved by appropriate order if
7  necessary and, where discovery has been ordered, the order has
8  been obeyed.  All motions to compel discovery must be noticed on
9  the magistrate judge's calendar in accordance with the local
10 rules of this Court.

11  V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

12 All counsel are to designate in writing, file with the
13 Court, and serve upon all other parties the name, address, and
14 area of expertise of each expert that they propose to tender at
15 trial not later than **August 15, 2012.**[1]  The designation shall be
16 accompanied by a written report prepared and signed by the
17 witness.  The report shall comply with Fed. R. Civ. P.
18 26(a)(2)(B).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

27 [1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

1        Within twenty (20) days after the designation of expert
2   witnesses, any party may designate a supplemental list of expert
3   witnesses who will express an opinion on a subject covered by an
4   expert designated by an adverse party.  The right to designate a
5   supplemental expert for rebuttal purposes only shall apply to a
6   party who has not previously disclosed an expert witness on the
7   date set for expert witness disclosure by this Pretrial
8   Scheduling Order.
9        Failure of a party to comply with the disclosure schedule as
10  set forth above in all likelihood will preclude that party from
11  calling the expert witness at the time of trial.  An expert
12  witness not appearing on the designation will not be permitted to
13  testify unless the party offering the witness demonstrates:
14  (a) that the necessity for the witness could not have been
15  reasonably anticipated at the time the list was proffered;
16  (b) that the Court and opposing counsel were promptly notified
17  upon discovery of the witness; and (c) that the witness was
18  promptly made available for deposition.
19       For purposes of this Pretrial Scheduling Order, an "expert"
20  is any person who my be used at trial to present evidence under
21  Rules 702, 703, and 705 of the Federal Rules of Evidence, which
22  include both "percipient experts" (persons who, because of their
23  expertise, have rendered expert opinions in the normal course of
24  their work duties or observations pertinent to the issues in the
25  case) and "retained experts" (persons specifically designated by
26  a party to be a testifying expert for the purposes of
27  litigation).
28  ///

1  Each party shall identify whether a disclosed expert is
2 percipient, retained, or both.  It will be assumed that a party
3 designating a retained expert has acquired the express permission
4 of the witness to be so listed.  Parties designating percipient
5 experts must state in the designation who is responsible for
6 arranging the deposition of such persons.
7  All experts designated are to be fully prepared at the time
8 of designation to render an informed opinion, and give their
9 bases for their opinion, so that they will be able to give full
10 and complete testimony at any deposition taken by the opposing
11 party.  Experts will not be permitted to testify at the trial as
12 to any information gathered or evaluated, or opinion formed,
13 after deposition taken subsequent to designation.
14  Counsel are instructed to complete all discovery of expert
15 witnesses in a timely manner in order to comply with the Court's
16 deadline for filing dispositive motions.
17  VI.  MOTION HEARING SCHEDULE
18  The Plaintiff's dispositive motion shall be filed by
19 **October 18, 2012.**  Defendant's opposition to Plaintiff's motion
20 and Defendant's cross-motion, if any, shall be filed by
21 **November 8, 2012.**  Plaintiff's reply and opposition to
22 Defendant's cross-motion shall be filed by **November 21, 2012.**
23 Defendant's reply shall be filed by **December 6, 2012.**  Hearing on
24 such motions shall be on **December 13, 2012,** at **2:00 p.m.**
25  All purely legal issues are to be resolved by timely
26 pretrial motions.  Failure to comply with Local Rules 230 and
27 260, as modified by this Order, may be deemed consent to the
28 motion and the Court may dispose of the motion summarily.

4

1 Further, failure to timely oppose a summary judgment motion[2] may
2 result in the granting of that motion if the movant shifts the
3 burden to the nonmovant to demonstrate that a genuine issue of
4 material fact remains for trial.
5     The Court places a page limit of twenty (20) pages on all
6 initial moving papers, twenty (20) pages on oppositions, and ten
7 (10) pages for replies.  All requests for page limit increases
8 must be made in writing to the Court setting forth any and all
9 reasons for any increase in page limit at least fourteen (14)
10 days prior to the filing of the motion.
11     For the Court's convenience, citations to Supreme Court
12 cases should include parallel citations to the Supreme Court
13 Reporter.
14     The parties are reminded that a motion <u>in</u> <u>limine</u> is a
15 pretrial procedural device designed to address the admissibility
16 of evidence.  The Court will look with disfavor upon
17 dispositional motions presented at the Final Pretrial Conference
18 or at trial in the guise of motions <u>in</u> <u>limine</u>.
19     The parties are cautioned that failure to raise a
20 dispositive legal issue that could have been tendered to the
21 court by proper pretrial motion prior to the dispositive motion
22 cut-off date may constitute waiver of such issue.
23 ///
24 ///
25 ///
26
27     [2] The Court urges any party that contemplates bringing a
   motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 260.

1       VII. <u>FINAL PRETRIAL CONFERENCE</u>

2       The Final Pretrial Conference is set for **February 21, 2013,**
3  at **2:00 p.m.**  At least one of the attorneys who will conduct the
4  trial for each of the parties shall attend the Final Pretrial
5  Conference.  If by reason of illness or other unavoidable
6  circumstance a trial attorney is unable to attend, the attorney
7  who attends in place of the trial attorney shall have equal
8  familiarity with the case and equal authorization to make
9  commitments on behalf of the client.

10       Counsel for all parties are to be fully prepared for trial
11  at the time of the Final Pretrial Conference, with no matters
12  remaining to be accomplished except production of witnesses for
13  oral testimony.

14       The parties shall file, not later than **January 31, 2013**, a
15  Joint Final Pretrial Conference Statement.  The provisions of
16  Local Rules 281 shall apply with respect to the matters to be
17  included in the Joint Final Pretrial Conference Statement.  In
18  addition to those subjects listed in Local Rule 281(b), the
19  parties are to provide the Court with a plain, concise statement
20  that identifies every non-discovery motion tendered to the Court
21  and its resolution.  Failure to comply with Local Rule 281, as
22  modified by this Pretrial Scheduling Order, may be grounds for
23  sanctions.
24  ///
25  ///
26  ///
27  ///
28  ///

1    At the time of filing the Joint Final Pretrial Conference
2 Statement, counsel shall also electronically mail to the Court in
3 digital format compatible with Microsoft Word or WordPerfect, the
4 Joint Final Pretrial Conference Statement in its entirety
5 including the witness and exhibit lists.  **These documents shall**
6 **be sent to: mceorders@caed.uscourts.gov.**
7    The parties should identify first the core undisputed facts
8 relevant to all claims.  The parties should then, in a concise
9 manner, identify those undisputed core facts that are relevant to
10 each claim.  The disputed facts should be identified in the same
11 manner.  Where the parties are unable to agree as to what
12 disputed facts are properly before the Court for trial, they
13 should nevertheless list all disputed facts asserted by each
14 party.  Each disputed fact or undisputed fact should be
15 separately numbered or lettered.
16    Each party shall identify and concisely list each disputed
17 evidentiary issue which will be the subject of a motion in
18 limine.
19    Each party shall identify the points of law which concisely
20 describe the legal issues of the trial which will be discussed in
21 the parties' respective trial briefs.  Points of law should
22 reflect issues derived from the core undisputed and disputed
23 facts.  Parties shall not include argument or authorities with
24 any point of law.
25    The parties shall prepare a joint statement of the case in
26 plain concise language which will be read to the jury at the
27 beginning of the trial.  The purpose of the joint statement is to
28 inform the jury what the case is about.

7

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>. The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

1         The Final Pretrial Order will contain a stringent standard
2    for the offering at trial of witnesses and exhibits not listed in
3    the Final Pretrial Order, and the parties are cautioned that the
4    standard will be strictly applied.  On the other hand, the
5    listing of exhibits or witnesses that a party does not intend to
6    offer will be viewed as an abuse of the court's processes.
7         The parties also are reminded that pursuant to Rule 16 of
8    the Federal Rules of Civil Procedure it will be their duty at the
9    Final Pretrial Conference to aid the Court in: (a) the
10   formulation and simplification of issues and the elimination of
11   frivolous claims or defenses; (b) the settling of facts that
12   should properly be admitted; and (c) the avoidance of unnecessary
13   proof and cumulative evidence.  Counsel must cooperatively
14   prepare the Joint Final Pretrial Conference Statement and
15   participate in good faith at the Final Pretrial Conference with
16   these aims in mind.  A failure to do so may result in the
17   imposition of sanctions which may include monetary sanctions,
18   orders precluding proof, elimination of claims or defenses, or
19   such other sanctions as the Court deems appropriate.
20        VIII.  <u>TRIAL BRIEFS</u>
21        The parties shall file trial briefs not later than
22   **February 7, 2013.**  Counsel are directed to Local Rule 285
23   regarding the content of trial briefs.
24   ///
25   ///
26   ///
27   ///
28   ///

IX.  EVIDENTIARY AND/OR PROCEDURAL MOTIONS

Any evidentiary or procedural motions are to be filed by **January 31, 2013.**  Oppositions must be filed by **February 7, 2013,** and any reply must be filed by **February 14, 2013.**  The motions will be heard by the Court at the same time as the Final Pretrial Conference.

X.  TRIAL SETTING

The trial is set for **April 15, 2013, at 9:00 a.m.**  Trial will be by jury.  The panel will consist of **eight (8) jurors.**  The parties estimate a trial length of **four (4) days.**

XI.  SETTLEMENT CONFERENCE

A Settlement Conference is set before Judge Edmund F. Brennan on **September 22, 2011, at 10:00 a.m.**

Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms at the Settlement Conference.

Each party is directed to submit to the chambers of Judge Edmund F. Brennan confidential settlement conference statements not later than **September 15, 2011.**  Such statements are neither to be filed with the clerk nor served on opposing counsel.  However, each party shall notify the other party that the statement has been submitted to the judge's chambers.

XII. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

///

1  XIII.  MODIFICATION OF PRETRIAL SCHEDULING ORDER
2      The parties are reminded that pursuant to Rule 16(b) of the
3  Federal Rules of Civil Procedure, the Pretrial Scheduling Order
4  shall not be modified except by leave of court upon a showing of
5  **good cause.**  Agreement by the parties pursuant to stipulation
6  alone to modify the Pretrial Scheduling Order does not constitute
7  good cause.  Except in extraordinary circumstances,
8  unavailability of witnesses or counsel will not constitute good
9  cause.
10     XIV. OBJECTIONS TO PRETRIAL SCHEDULING ORDER
11     This Pretrial Scheduling Order will become final without
12 further order of the Court unless objections are filed within
13 seven (7) court days of service of this Order.
14     IT IS SO ORDERED.
15
   Dated: June 1, 2011

                                    _____
                                    MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE

11