UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ATTEBERY, | No. 2:10-cv-01341-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| LOUIS UHL, et al., | |
| Defendants. | |

Plaintiff Robert Attebery ("Plaintiff") initiated this action against Defendants Louis Uhl and Jim Uhl, both doing business as Sherwood Harbor & R.V. Park, and Fenocchio Revocable Trust (collectively, "Defendants"). Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute and for Sanctions (ECF No. 22). For the following reasons, Defendants' Motion is GRANTED.[1]

**ANALYSIS**

Defendants in this case move to dismiss Plaintiff's operative First Amended Complaint ("FAC") for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

This Court has the inherent power to dismiss a case, with prejudice, for lack of prosecution. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Such a dismissal is authorized by Rule 41(b), which provides for termination of a lawsuit "for failure of the plaintiff to prosecute," Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991), and by Eastern District of California Local Rule 110, which provides that the "[f]ailure of counsel or of a party to comply with [the Local Rules] or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Dismissal is largely a matter within the Court's discretion. Taub v. Hale, 355 F.2d 202 (2d Cir. 1966). Prior to dismissing an action, however, this Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).

Having considered each of the above factors, the Court now finds dismissal warranted here based on Plaintiff's failure to: 1) respond to Defendants' discovery requests, Declaration of Anthony C. Diepenbrock ("Diepenbrock Depo."), ¶¶ 5-6; 2) appear for his own deposition, id., ¶¶ 7-8; 3) attend a settlement conference before the magistrate judge, id., ¶¶ 9-10; 4) respond to an Order to Show Cause ("OSC") issued by that magistrate judge, ECF Nos. 18, 20; 5) pay sanctions as consequently ordered by that same judge, Diepenbrock Depo., ¶¶ 12-13; and 6) oppose Defendants' instant Motion. This case has already been on file for over two years and neither the Court nor the public have any hope of moving the action expeditiously toward any kind of resolution absent Plaintiff's participation. In addition, Defendants will suffer prejudice if forced to defend against Plaintiff's allegations despite Plaintiff's failure to provide any responses to the discovery propounded on him. Finally, less drastic measures, such as the monetary sanctions already ordered by the magistrate judge, have already proven insufficient to motivate Plaintiff to change his approach to this litigation. Defendants' Motion is thus GRANTED.

///

///

Given Plaintiff's wholesale disregard of his responsibilities in this case, the Court also finds the imposition of sanctions proper here as well.  According to Defendants, counsel spent four hours preparing and drafting the instant Motion, at a billing rate of $175 per hour. Diepenbrock Depo., ¶ 14.  The Court finds both the amount of time charged as well as counsel's rate to be reasonable.  Accordingly, Plaintiff is hereby ordered to pay sanctions to Defendants in the amount of $700.

## CONCLUSION

For the reasons just stated, Defendants' Motion to Dismiss for Failure to Prosecute and for Sanctions (ECF No. 22) is GRANTED.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 31, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE